# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:16-CV-00021-TBR

DENNIS BELL, *et al.*,                                                    Plaintiffs,

v.

JP MORGAN CHASE BANK N.A., *et al.*,                                      Defendants.

## MEMORANDUM OPINION

In this action, Dennis Bell along with his tenant, James Hollingsworth, challenge JP Morgan Chase Bank N.A.'s foreclosure on Bell's rental property located in Paducah, Kentucky. Bell and Hollingsworth complain that JP Morgan Chase, along with Whitney Cook, an employee of the Lerner, Sampson & Rothfuss Corporation, fraudulently procured a state court foreclosure decree. JP Morgan Chase and Cook object, arguing that the Court lacks subject-matter jurisdiction to review the state court's foreclosure order under the *Rooker–Feldman* doctrine, and that *res judicata* bars Bell and Hollingsworth's claims regardless. The Court agrees. Accordingly, JP Morgan Chase's Motion to Dismiss, [R. 5], and Cook's Motion to Dismiss, [R. 9], are **GRANTED**.

## I.

In this action, Dennis Bell along with his tenant, James Hollingsworth, challenge JP Morgan Chase Bank N.A.'s foreclosure on Bell's rental property located in Paducah, Kentucky. [*See* R. 1 at 2, 5, ¶¶ 6, 21 (Complaint).] Bell seeks to set aside the allegedly fraudulently-procured state court foreclosure decree. [*See id.* at 2, ¶ 6.] In detail, Bell alleges that JP Morgan Chase claimed to be the mortgage holder when, in fact, the mortgage had been fraudulently assigned to it. [*Id.*] Apparently, Lerner, Sampson & Rothfuss Corporation, along with its employee, Whitney Cook, assisted JP Morgan Chase

1

in perpetrating that fraudulent scheme. [*See id.* at 11, ¶ 72.] JP Morgan Chase and Cook maintain, however, that Bell and Hollingsworth's action is meritless, because either the Court lacks subject-matter jurisdiction to review the state court's foreclosure order under the *Rooker–Feldman* doctrine, [*see* R. 5-1 at 12–14 (JP Morgan Chase's Motion to Dismiss); R. 9-1 at 14–16 (Cook's Motion to Dismiss)], or that the doctrine of *res judicata* bars Bell and Hollingsworth's claims, [*see* R. 5-1 at 9–12; R. 9-1 at 9–14].

In 2012, JP Morgan Chase brought a foreclosure action against Bell in the McCracken Circuit Court. [*See* R. 5-2 at 2–5 (State Court Complaint).] Bell claimed that JP Morgan Chase lacked standing to bring a foreclosure action against him and counterclaimed against JP Morgan Chase for breach of contract and wrongful foreclosure. [*See* R. 5-3 at 3 (State Court Counterclaim).] He argued that the assignment of the mortgage to JP Morgan Chase was invalid, *inter alia*, because Cook fraudulently represented her authority to execute the assignment. [*See* R. 5-5 at 4, ¶ 2.h (Response to State Court Motion for Summary Judgment).] In 2014, however, the McCracken Circuit Court rejected Bell's argument. [*See* R. 5-7 at 1–4 (Judgment of Order and Sale).] Instead, it held that JP Morgan Chase could enforce the note and mortgage and possessed standing to bring a foreclosure action against Bell. [*Id.* at 2–3.] Between 2014 and 2016, Bell sought to vacate the McCracken Circuit Court judgment on numerous occasions, relying on the same allegations of fraud that Bell and Hollingsworth brought in this action. [*Compare* R. 5-17 at 2–7 (Motion to Vacate State Court Judgment), *with* R. 1 at 5–20, ¶¶ 22–135.] Ultimately, Bell appealed the foreclosure order. The Kentucky Court of Appeals, however, dismissed Bell's appeal. [*See* R. 5-19 at 2 (Kentucky Court of

Appeals' Order).] On February 17, 2016, Bell and Hollingsworth filed the instant action. [*See* R. 1 at 1.]

## II.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Civil Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–79).

## III.

### A.

In this action, Bell and Hollingsworth complain that JP Morgan Chase, along with Cook, fraudulently procured the state court judgment of foreclosure. Nonetheless, as should be apparent from the background above, the propriety of foreclosure has been exhaustively litigated, and resolved, in McCracken Circuit Court. Because Bell and

Hollingsworth effectively attempt "to appeal from the state court order granting possession to JP Morgan Chase," the Court lacks subject-matter jurisdiction under the *Rooker–Feldman* doctrine. *Givens v. Homecomings Fin.*, 278 F. App'x 607, 608 (6th Cir. 2008).

The *Rooker–Feldman* doctrine divests federal courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, Bell and Hollingsworth do precisely that. The foundation of Bell and Hollingsworth's complaint is inextricably intertwined with the correctness of the McCracken Circuit Court's judgment. *See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 489–90 (6th Cir. 2005). Effectively, then, Bell and Hollingsworth ask the Court to review and invalidate the state court's foreclosure judgment. [*See* R. 1 at 20–21.] Under the *Rooker–Feldman* doctrine, the Court lacks subject-matter jurisdiction to entertain such a claim.

### B.

Alternatively, the doctrine of *res judicata* warrants dismissing Bell and Hollingsworth's complaint. In this diversity case, the Court looks to Kentucky law to determine the preclusive effect that attaches to a state court judgment. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. 2015); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). Under Kentucky law, the doctrine of *res judicata* (also known as claim preclusion) "prohibits the relitigation of claims that were litigated or could have been litigated between the same parties in a prior action." *Miller v. Admin.*

*Office of Courts*, 361 S.W.3d 867, 871 (Ky. 2011). Three elements must be met for the doctrine of claim preclusion to apply: "(1) there must be an identity of parties between the two actions; (2) there must be an identity of the two causes of action; and (3) the prior action must have been decided on the merits." *Id.* (citing *Harrod v. Irvine*, 283 S.W.3d 246, 250 (Ky. Ct. App. 2009)).

Here, JP Morgan Chase and Cook have established all three elements. First, JP Morgan Chase and Bell were direct parties to the proceeding in McCracken Circuit Court. While Cook and Hollingsworth were not direct parties, each was in privity to a direct party. *See Buis v. Elliott*, 142 S.W.3d 137, 139 (Ky. 2004) ("Res judicata is a doctrine that bars subsequent suits between the same parties *and their privies* . . . ." (emphasis added)). For example, Cook acted as an agent of JP Morgan Chase, [*see* R. 1 at 6–7, ¶¶ 29, 40], and Hollingsworth was one of Bell's tenants, [*see id.* at 4, ¶ 8]. Those relationships sufficiently establish the identity of the parties. *See, e.g.*, *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 F. App'x 994, 999–1000 (6th Cir. 2009) (holding principal-agent relationship satisfies privity requirement for *res judicata*). Second, both the instant action and the state court litigation involve the same operative facts, meaning there is an identity in the causes of action asserted in both. *See Yeoman v. Commonwealth of Ky., Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998) ("The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts."); *accord United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011) ("The now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, barring 'claims arising from the same transaction.'" (quoting *Kremer v.*

*Chem. Constr. Corp.*, 456 U.S. 461, 482, n. 22 (1982)). Third, the McCracken Circuit Court's summary judgment order is a final adjudication on the merits to which *res judicata* applies. *See Jellinick v. Capitol Indem. Corp.*, 210 S.W.3d 168, 172 (Ky. Ct. App. 2006) (describing summary judgment as a final adjudication on the merits). Accordingly, the doctrine of *res judicata* (or claim preclusion) bars Bell and Hollingsworth's claims.

## C.

Bell and Hollingsworth resist both of these conclusions on the basis of a single contention. [*See* R. 10 at 1–3 (Response).] Because JP Morgan Chase procured the state court judgment "by fraud, deception, accident or mistake," Bell and Hollingsworth argue, neither the *Rooker–Feldman* doctrine nor the doctrine of *res judicata* applies. [*Id.* at 1.] True enough, neither doctrine bars a collateral attack on a state court judgment procured through fraud. *See In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (*Rooker–Feldman* doctrine); *State Farm Mut. Auto. Ins. Co. v. Shelton*, 368 S.W.2d 734, 737 (Ky. 1963) (doctrine of *res judicata*). Those exceptions, however, are of no moment.

Though Bell and Hollingsworth claim the state court judgment was procured through fraud, the Court disagrees. Instead, Bell and Hollingsworth's complaint is that JP Morgan Chase claimed to be the mortgage holder when, in fact, the mortgage had been assigned to it (allegedly) through fraud. The McCracken Circuit Court rejected that very argument. In other words, the instant case is not a situation where a party duped a state court into entering a judgment on the basis of fraudulent representations. Instead, it is a case where a state court rejected a "fraud" claim on its merits. Ultimately, the foundation of Bell and Hollingsworth's complaint is inextricably intertwined with

questioning the correctness of the McCracken Circuit Court's judgment. The *Rooker–Feldman* doctrine and the doctrine of *res judicata* preclude such an effort.

## VI.

JP Morgan Chase Bank, N.A. and the Federal National Mortgage Association's Motion to Dismiss, [R. 5], and Whitney Cook's Motion to Dismiss, [R. 9], are **GRANTED**. An appropriate order will issue separate from this Memorandum Opinion.

Date:
cc:     Counsel of Record